UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELIA TEC RESOURCES INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-1482 |
| | § | |
| GE&F CO LTD, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF DISMISSAL

Pending before the Court is Plaintiff Helia Tec Resources, Inc.'s ("Helia Tec") Motion for Summary Judgment (Doc. 115). Defendant InterOil Corporation ("InterOil") responds to Helia Tec's Motion for Summary Judgment and moves to dismiss pursuant to Fed. R. Civ. P. 19(b) for failure to join a necessary party. (Doc. 138.) Defendant and Counter-Plaintiff HSC Holdings Co., Ltd., formerly known as GE&F Co., Ltd., Individually and as Assignee of Helia Tec Resources, Inc., ("GE&F") responds to Plaintiff's motion, joins InterOil's Motion to Dismiss, and moves to dismiss pursuant to Fed. R. Civ. P. 19(b) for additional reasons. (Doc. 163.) Upon review and consideration of these motions, the responses and replies thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendants InterOil's and GE&F's motions should be granted. Because the Court finds these motions dispositive, Plaintiff's Motion for Summary Judgment is moot.

I.  Background and Relevant Facts

This case is brought under the Declaratory Judgment Act. 28 U.S.C. §§ 2201, 2202. (Doc. 5.) Plaintiff Helia Tec sues for a declaratory judgment and damages relating to an allegedly fraudulent conveyance of corporate assets. (*Id.* ¶ 3.) Helia Tec is a Texas company that develops domestic and international oil and gas reserves. (*Id.* ¶ 9.) Helia Tec is eighty-two

percent (82%) owned by Defendant GE&F, with the remainder owned by three individuals. (*Id.* at 4 n.4.) Helia Tec contends that its ostensible Korean parent company, Defendant GE&F, assigned its interest in certain oil and gas interests to Pacific LNG Operations, Ltd. ("Pacific") without legal authority. (*Id.* ¶ 16.)

On February 25, 2005, Plaintiff Helia Tec entered into an Indirect Participation Interest Agreement (the "IPI Agreement") with Defendants InterOil, Pacific, Clarion Finanz AG ("Clarion"), GE&F, and other investors, for the development of potential oil or gas reserves in Papua New Guinea. (*Id.* ¶ 11; *see also*, *Amended and Restated Indirect Participation Interest Agreement by and among InterOil Corporation and the Investors*, Doc. 28.) InterOil is a publicly traded Canadian company with an office in The Woodlands, Montgomery County, Texas. (Doc. 5 ¶ 8.) Pacific is a private company organized under the laws of the British Virgin Islands with a principal place of business in Zurich, Switzerland. (*Id.* ¶ 6.) Clarion is a private Swiss company with its principal place of business in Zurich, Switzerland. (*Id.* ¶ 7.) GE&F is a publicly traded Korean company with its principal place of business in Seoul, Republic of Korea. (*Id.* ¶ 5.) The initial investors along with their percentage of ownership are listed in the IPI Agreement. (Doc. 28 at 55–56.) Helia Tec characterizes the IPI Agreement as "a farm-out agreement" to fund an eight-well "exploration program on certain Papua New Guinea exploration licenses and if the exploration program is successful in finding commercial quantities to further develop certain fields." (Doc. 5 at 4 n.7.)

On February 14, 2007, Helia Tec, Clarion, and Pacific executed the Project Investment Agreement ("PI Agreement"), under which Helia Tec provided $15,000,000 to Pacific. (*Id.* ¶ 12; *Project Investment Agreement*, Doc. 22-2.) On June 8, 2007, Pacific assigned its 1.2% interest under the IPI Agreement to Helia Tec "in exchange for a deduction of $8,000,000 from the

previously wired funds on deposit with [Pacific] under the terms of the IPI [Agreement]." (Doc. 5 ¶ 13; *see* Docs. 37-7 and 37-9.)  As of December 2008, Helia Tec claims that the total value of its interest under the IPI Agreement was $16,155,724.  (Doc. 5 ¶ 13.)

On February 18, 2009, GE&F attempted to transfer Helia Tec's 1.2% IPI interest back to Pacific for $8,000,000.  (Doc. 5 ¶ 11.)  GE&F purported to act with full authority to effect the transfer as Helia Tec's sole shareholder and corporate parent.  (Doc. 5 at 15.)  The transfer was recorded in an assignment agreement and signed by Kwak Bong Seo, as authorized signatory and board member of Assignor Helia Tec, and Carlo Civelli, as authorized signatory and board member of Assignee Pacific.  (Doc. 5 at 23.)

The Assignment's preamble states:

> This Assignment (this "Assignment") is made and entered into on February 18th, 2009, by and between Helia Tec Resources Inc., a wholly owned subsidiary of G E & F Co., Ltd., formerly Helia Tec Co. Ltd., of the Republic of Korea, in its own right as sole shareholder of Helia Tec Resources Inc. and as lender of Halia [*sic*] Tec Resources Inc. (collectively, "Assignor") and Pacific LNG Operations Ltd., of Tortola, B.V.I. ("Assignee") represented by its president Mr. Carlo Civelli.

(*Id.* at 15.)  Helia Tec claims that the "alleged transfer was accomplished by Assignment ostensibly on behalf of [Helia Tec] by GE&F, consented to by [Clarion] and [InterOil]."  (*Id.* ¶ 16.)  However, Helia Tec alleges that the Assignment was "without the knowledge or authority of [Helia Tec]." (*Id.*)  Pursuant to the Assignment, Pacific allegedly paid GE&F $1,500,000 and was directed to pay the remaining purchase price.  (*Id.* at 17.)

On May 7, 2009, Cary E. Hughes ("Hughes"), Helia Tec's president and sole member of its board of directors, first learned of the Assignment that had occurred on February 18, 2009. (*Id.* ¶ 16.)  Helia Tec and Hughes contend that they "never authorized the transmission of any funds payable to [Helia Tec] to any offshore entity." (*Id.* ¶ 18.)

On May 17, 2009, Helia Tec filed suit against GE&F and Pacific. (Doc. 1.)

Helia Tec believes that on or about June 20, 2009, Pacific paid an additional $500,000 to GE&F pursuant to the Assignment. (Doc. 5 ¶¶ 23–24.)

On July 13, 2009, Helia Tec filed its first amended complaint against GE&F, Pacific, InterOil, and Clarion, seeking a declaratory judgment nullifying the Assignment and quieting title in the IPI interest in favor of Helia Tec, as well as damages for fraud, conspiracy, and conversion. (Doc. 5.) On September 24, 2010, the Court dismissed Defendants Pacific and Clarion for lack of personal jurisdiction. (Doc. 80.) Plaintiff Helia Tec now moves for summary judgment on its request for declaratory judgment declaring the February 18, 2009 transfer null and void and quieting title to the 1.2% IPI in Helia Tec. (Doc. 115 ¶ 2.) Defendants GE&F and InterOil move separately to dismiss based on the absence of Pacific, the holder of record of the 1.2% IPI Interest, as an indispensable party under Rule 19. (Docs. 138, 163.) Defendants assert that the case cannot proceed without Pacific and therefore must be dismissed.

II.  Standards of Review

Rule 12(b)(7) of the Federal Rules of Civil Procedure requires the dismissal of a claim for failure to join an indispensible party under Rule 19. Fed. R. Civ. P. 12(b)(7); Fed. R. Civ. P. 19. "[F]ailure of the district court to acquire jurisdiction over indispensible parties to an action deprives the court of jurisdiction to proceed in the matter and render a judgment." *Haas v. Jefferson Nat'l Bank*, 442 F.2d 394, 396 (5th Cir. 1971) (quotation omitted). Under Rule 19 courts conduct a two-step analysis to determine whether to dismiss an action for failure to join an absent party. "First, Rule 19(a) provides a framework for deciding whether a given person should be joined. Second, if joinder is called for, then Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined." *Pulitzer-Polster v.*

*Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986).

> Under the first step, a party is required and must be joined if:
>
> [I]n that person's absence, the court cannot accord complete relief among existing parties; or . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)–(B)(ii).

If a party is required and has not been joined, then the court must order that person be made a party. Fed. R. Civ. P. 19(a)(2). When the party is required, but cannot feasibly be joined, the Court proceeds to the second step and " must determine whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed." Fed. R. Civ. P. 19(b).

In determining whether to dismiss the action, the court can consider (1) the extent to which a judgment rendered in a party's absence might prejudice that party or existing parties, (2) the extent to which prejudice could be lessened or avoided, (3) whether a judgment rendered in the person's absence would be adequate, (4) and whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Fed. R. Civ. P. 19(b)(1)–(4); *see Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997). "A district court may refuse to proceed with the action if prejudice would result to either the absent party or to parties already joined." *Doty v. St. Mary Parish Land Corp.*, 598 F.2d 885, 887 (5th Cir. 1979). "The possibility of multiple litigation, alone, will not make a party indispensable, but the threat of inconsistent obligations will." *Cornhill*, 106 F.3d at 84 (*citing Shelton v. Exxon Corp.*, 843 F.2d 212, 218 (5th Cir. 1988)).

When a Motion to Dismiss is premised on prejudice to an absent party, the burden is on

the moving party to show the nature of the unprotected interests of the absent party.  *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003), *citing Cornhill,* 106 F.3d at 84.

III.  Discussion

In its Amended Complaint and subsequent pleadings, Helia Tec has repeatedly asserted full ownership of the 1.2% IPI Interest that GE&F purported to transfer to Pacific.  Helia Tec requests that the Court order InterOil to correct its books to reflect Helia Tec's ownership of the IPI and recognize "all appurtenant rights including . . . stock conversion rights."  (Doc. 5 ¶ 27.)  These rights are currently claimed by Pacific under the transfer agreement that Helia Tec now seeks to invalidate.  (*Id.* at 14-26.)  Disposition of the dispute between Plaintiff Helia Tec and Defendants GE&F and InterOil will necessarily result in determination of the ownership of the 1.2% IPI interest to which an absent party, Pacific, currently holds title.  Pacific's interest in the IPI and the ownership rights thereto make Pacific a necessary party in the current action to determine Helia Tec's rights to the IPI.

Pacific, an absent party, will be materially prejudiced if this Court resolves ownership in the IPI in favor of Helia Tec.  InterOil, a party to this action, will also be materially prejudiced if it is forced to face the inconsistent obligations of a judgment in Helia Tec's favor in the United States and the threat of litigation in a foreign forum if Pacific, not bound by this Court's judgment, asserts its ownership interest in a foreign court.  Because the Court cannot resolve the disputes in this case in Pacific's absence without materially prejudicing Pacific and subjecting InterOil to inconsistent obligations, this lawsuit cannot proceed without Pacific.  The Court has already held that it lacks personal jurisdiction over Pacific and cannot require Pacific to be joined in this case.  Therefore the Court cannot proceed and must dismiss the action.

Pacific is a Required Party

Helia Tec argues that the dispute here is between it and Defendants GE&F and InterOil. The case centers on adjudication of corporate authority between Helia Tec and its corporate parent, GE&F, and between Helia Tec and InterOil to clear title to the 1.2% IPI interest. Specifically, Helia Tec seeks a declaration from this Court that GE&F had no authority to control and dispense with Helia Tec's assets, that the transfer of the IPI Interest was null and void, that Helia Tec is the true and correct title holder to the IPI interest, and that InterOil reform its books to reflect this ownership. (Doc. 115-2 ¶ 81.)

Helia Tec argues that Pacific "*is not a party* and *cannot* participate in the claims between [Helia Tec] and GE&F" because Pacific "did not and does not have to participate in GE&F's or [Helia Tec's] management or corporate operations." (Doc. 144 ¶ 3.) Helia Tec emphasizes that the determinative issue in the case is "GE&F's requisite authority [to effect a transfer of the IPI interest.] . . . [E]ither GE&F had authority or GE&F did not." (*Id*. ¶ 4.)

If the dispute before the Court were a discreet question of corporate authority, Helia Tec might be right, buy Helia Tec has made it clear that a determination as to GE&F's corporate authority (or absence thereof) to dispose of Helia Tec's assets conclusively determines the validity of the IPI transfer[1] and Pacific's interest in the IPI.[2]  Helia Tec does not contest that

---

[1] In its Motion for Summary Judgment, Helia Tec stated that at the time of the transfer of the IPI from Helia Tec to Pacific, Kwak Bong Seo, GE&F's purportedly appointed director of Helia Tec, "did not enjoy that legal authority to act on [Helia Tec's] behalf; Kwak Bong Seo could not transfer any greater title, or interest then [sic] Kwak Bong Seo, individually or allegedly acting on [Helia Tec's] behalf, controlled at the time of transfer; therefore, any conveyance, assignment, transfer, or alienation of the [Helia Tec] 1.2% IPI Agreement interest, or, any aspect of the PIA is, in fact and law, without authority and *has no effect*." (Doc. 115-2 ¶ 48) (emphasis added).

[2] "An assignee stands in the shoes of the assignor and obtains the rights, title, and interest that the assignor had at the time of the assignment," Helia Tec argues, and therefore "[i]f Kwak Bong Seo could not, as a matter of law, transfer . . . [Helia Tec's] 1.2% IPI Percentage . . . then [Helia Tec] . . . retained full and complete rights" thereto. (Doc. 115-2 ¶ 50.)

GE&F made an assignment of the IPI.[3] They assert that the assignment was invalid as a matter of law and that Helia Tec therefore is "the sole owner of the . . . IPI Working Interest and the PIA Deposit to the exclusion of all others." (Doc. 5. ¶ 26.)

Pacific currently claims an interest in the IPI to which Helia Tec now seeks to quiet title. InterOil's records currently show Pacific as the owner of the IPI interest. An order of this court invalidating the IPI transfer to Pacific and requiring InterOil to reform its books would impede Pacific's ability to protect its interest in the IPI and would subject InterOil to a substantial risk of incurring multiple, inconsistent obligations if Pacific sought to enforce its own interest in foreign courts. Therefore, Pacific is a necessary party to this action under Fed. R. Civ. P. 19(a)(1)(A-B). This Court lacks personal jurisdiction over Pacific (*see* Doc. 80) and joinder of Pacific is therefore not feasible.

<u>The Court Cannot Proceed in Equity and Good Conscience Without Pacific</u>

Having determined that Pacific is a necessary party, the Court now "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Under Rule 19, the Court applies an "equity and good conscience" test, informed by four practical considerations, to determine if a necessary party is "indispensable" such that the case cannot proceed without it. *Id.*; *see Doty v. St. Mary*, 598 F.2d at 887.

The Court considers 1) the extent to which a judgment rendered in Pacific's absence might prejudice Pacific or the parties to this action; 2) whether prejudice to Pacific or the present parties could be lessened or avoided by protective provisions in the judgment, shaping the relief, or any other means; 3) whether such a judgment would be adequate; and 3) whether Helia Tec would have an adequate remedy if the action were dismissed for non-joinder. Fed. R. Civ. P.

---

[3] Helia Tec attached a "true and correct copy of the Assignment" to their First Amended Complaint. (Doc. 115-A.)

19(b).

These factors "are not to be applied mechanically nor are they to be used to override compelling substantive interests." *Schutten v. Shell*, 421 F.2d 869, 873 (5th Cir. 1970). The determination that a necessary party is indispensable to the action "is always a matter of judgment . . . [that] must be exercised with sufficient knowledge of the facts in order to evaluate the exact role of the absentees . . . and must be based on factors varying with the different cases." *Haas v. Jefferson*, 442 F.2d at 398. Applying these factors to the facts of this case, the Court finds that Pacific is an indispensable party to the dispute between Helia Tec, GE&F, and InterOil. The action cannot proceed among the existing parties and must be dismissed.

"The first factor calls for an assessment of the prejudicial effect of a judgment rendered in the absence of the party who cannot be joined. This factor requires the court to 'consider the extent to which the judgment may 'as a practical matter impair or impede his ability to protect' his interest in the subject matter.' A district court may refuse to proceed with the action if prejudice would result to either the absent party or to parties already joined." *Doty*, 598 F. 2d at 8870 (*quoting Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968)).

An absent party who is not bound by the Court's decision can still be prejudiced thereby when the decision creates "doubt as to the validity of its title and probably some confusion about its obligations and rights with respect to" its interest. *Id.* A judgment that invalidates a transfer under which an absent party claims a property interest has a "direct and immediate effect upon" the absent party's interest. *Scoggins v. Fredrick*, 629 F.2d 426, 427 (5th Cir. 1980) (an absent party who holds a life interest in land under a conveyance agreement is indispensable in an action contesting the validity of the conveyance). Here, Pacific claims ownership in the IPI

Interest pursuant to the February 18, 2009 transfer agreement that Helia Tec seeks to invalidate. A judgment invalidating the transfer would directly affect Pacific by creating doubt as to the validity of Pacific's ownership in the IPI Interest.

A determination of Helia Tec's interest in the IPI could also expose InterOil to the substantial likelihood of inconsistent obligations. Inconsistent obligations arise when an absent party, not bound by *res judicata*, succeeds in a later action enforcing its rights against a party who is bound by the initial adjudication. *See Haas v. Jefferson*, 442 F.2d at 398. If Helia Tec succeeds in this action, InterOil will be required to treat Helia Tec as the true owner of the IPI. However, Pacific could theoretically enforce its own ownership rights in later litigation in a foreign court. If Pacific succeeds in a later action, InterOil will be forced into the impossible position of recognizing and respecting the ownership interest of Helia Tec and Pacific to the same property. This is precisely the result that courts avoid by application of Rule 19(b).

Because Pacific will be prejudiced by a judgment rendered in its absence, the Court now considers the second and third factors of Rule 19: "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided," and whether a judgment in Pacific's absence will be adequate.

Courts can sometimes avoid the harsh result of dismissal by limiting or shaping the relief granted. "[T]his second factor calls the court's attention to the possibility of granting remedies other than those specifically requested that would not be merely partial or hollow but would minimize or eliminate any prejudicial effect of going forward without the absentees." 7 Charles Alan Wright, et al. Federal Practice and Procedure § 1608. Here, however, Helia Tec has persuasively argued against the possibility of limited relief by repeatedly emphasizing that nullification of the transfer agreement and a declaration of Helia Tec's ownership in the IPI

Interest are necessary results of a finding that GE&F lacked authority unilaterally to effect leadership changes in Helia Tec or conduct business on Helia Tec's behalf. *See* Doc. 5 (Helia Tec "seeks a declaratory determination that the Assignment . . . is null and void with no legal effect as having been executed . . . *without legal authority*."); Doc. 115 ("Kwak Bong Seo did not enjoy that legal authority to act on [Helia Tec's] behalf . . . therefore, any conveyance . . . is, in fact and law, *without authority and has no effect*."); Doc. 175 (". . . that any alleged 18 February 2009 conveyance constitutes a cloud on title as to [Helia Tec's] assets as being *wholly without authority*.") Helia Tec's Response to InterOil's Motion to Dismiss (Doc. 144) describes the Gordian Knot which ties their claims together: "[T]he requisite authority issue is solely determinative between [Helia Tec] and GE&F, not [Pacific]" Helia Tec asserts. But it immediately follows by contending that "[Pacific] can only ascend to and exercise those rights which GE&F has authority to convey and cannot ascend to any greater authority."

If GE&F lacks corporate authority, Pacific has no ownership interest. If this Court rules against GE&F, it rules against Pacific. The Court's only alternative is to dismiss the action. The Court cannot rule on the issue of corporate authority without invalidating the transfer. The Court cannot rule on the transfer without prejudicing the rights of an absent party.

Because there is no judgment that will effectively settle Helia Tec's claims against GE&F and InterOil without causing prejudice to the absent party, the Court cannot fashion an adequate remedy. *See Schutten v. Shell*, 421 F.2d at 875.[4] There is, therefore, no adequate remedy in this court available to Helia Tec in Pacific's absence.

The fourth factor under Rule 19, and the only one that weighs strongly in Plaintiff's

---

[4] In *Shell*, the Fifth Circuit addressed competing claims of ownership to a piece of land occupied by Shell Oil Company under lease from an absent party. Because "the litigation revolved around the conflicting claims of ownership," the Fifth Circuit was "unable to envision a decree which would effectively settle any controversy between" the parties "without doing substantial practical injury" to the absent party's "unassertable claims. Any attempt to fashion a judgment which would lessen this harm would result in a meaningless decree."

favor, is the availability to the plaintiff of an "adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b)(4).  Pacific is organized under the laws of the British Virgin Islands with a principal place of business in Zurich, Switzerland.  (Doc. 5 ¶ 6.)  This Court previously dismissed Pacific for lack of personal jurisdiction in Texas.  (Doc. 80.)  Pacific may satisfy the Due Process requirements for personal jurisdiction in another forum in the United States or Helia Tec may have to bring suit abroad.  *See International Shoe v Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Because the Court cannot shape a judgment that will provide an adequate remedy that will avoid this prejudice, the Court cannot, in equity and good conscience, proceed among the existing parties.

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Defendants InterOil Corporation's and GE&F's Motions to Dismiss (Doc. 138, 163) are **GRANTED**, Plaintiff's Motion for Summary Judgment (Doc. 115) is denied without prejudice, and this case is **DISMISSED** without prejudice.

SIGNED at Houston, Texas, this 20th day of September, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE