```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

HELIA TEC RESOURCES, INC.,      §
                                §
          Plaintiff,            §
                                §
VS.                             §   CIVIL ACTION H-09-1482
                                §
GE&F CO., LTD., and PACIFIC LNG §
OPERATIONS LTD., CLARION FINANZ §
AG AND INTEROIL CORPORATION,    §
                                §
          Defendants, AND       §
                                §
GE&F CO., LTD., Individually and§
as Assignee of Helia Tec        §
Resources, Inc.,                §
                                §
       Third Party Plaintiff,   §
                                §
VS.                             §
                                §
CARY E. HUGHES and TIMOTHY R.   §
GALLAGHER,                      §
                                §
       Third Party Defendants.  §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause are (1) a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a)(instrument #213) filed by Defendant and Third-Party Plaintiff HSC Holdings Co. f/k/a GE&F Co. Ltd. ("GE&F") regarding GE&F's third party complaint over ownership and control of Helia Tec Resources, Inc. ("HTR"), and (2) GE&F's objections and motion to strike the affidavits of Third-Party Defendants Cary E.

-1-

Hughes ("Hughes") and Timothy R. Gallagher ("Gallagher") filed in response to #13[1] (#217).

The Court hereby incorporates into this Opinion and Order its most recent Opinion and Order summarizing the procedural history of this case and the claims of the parties.

After reviewing the record, the briefing, and the applicable law, the Court finds that there are numerous material issues of fact in dispute, including whether Hughes and Gallagher were fraudulently induced into joining in the Settlement, Release of Claims and Indemnity Agreement (the "Agreement") by GE&F, whether GE&F materially breached the Agreement, thereby excusing performance by Hughes and Gallagher, whether Hughes and Gallagher ratified the Agreement by retaining the benefits they gained under it or used the monies to pay off GE&F's debts, or whether Hughes and Gallagher rescinded the Agreement.  Therefore the motion for partial summary judgment is denied.

Defendant and Third-Party Plaintiff GE&F, individually and as assignee of HTR, moves to strike Hughes and Gallagher's affidavits (Exs. A and B to #214) in their entirety on the grounds that they are self-serving, conclusory, unsubstantiated, speculative, contain inadmissible hearsay, purport to state legal opinions, and are contrary to undisputed summary judgment evidence, because the two affiants were not competent to testify on behalf of HTR after April

---

[1] The affidavits are found as Exhibits A and B in #214.

24, 2009 when they relinquished all positions with HTR pursuant to the March 2009 Settlement Agreement, nor as shareholders of HTR since they were obligated under the March 2009 Settlement agreement to redeem all stock certificates in their possession, and because the affidavits were manufactured to create issues of material fact to defeat GE&F's motion for partial summary judgment. GE&F further contends that the statements violated the best evidence rule, Fed. R. Evid. 1002, regarding the March 2009 Settlement Agreement, and Federal Rules of Evidence 701(c) and 702 regarding expert testimony. Alternatively GE&F seeks to strike portions of the affidavits.

An affidavit is a "voluntary declaration of facts sworn before an officer authorized to administer oaths." *Black's Law Dictionary* 66 (9th ed. 2009); *Silver Dream, LLC v. 3MC, Inc.*, No. 11-30968, 2013 WL 1153431, *2 & n.4 (5th Cir. Mar. 18, 2013).

Before December 2, 2010 the appropriate method to attack an affidavit was by filing a motion to strike. *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012), *citing inter alia Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999), *superseded on other grounds by* Fed. R. Evid. 103(a), and 10B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2738 (3d ed. 2004). Under the new Rule 56(c)(2) a party may simply object to the affidavit. *Id.*, citing Advisory Committee's Note to 2010 amendments of Rule 56

("There is no need to make a separate motion to strike."). Thus the Court treats EF&G's challenges to the affidavits as objections. *Cutting Underwater*, 671 F.3d at 515. Rule 56(c)(2) provides that a party may object to summary judgment evidence submitted "to support or dispute a fact that cannot be presented in a form that would be admissible in evidence."

Federal Rule of Civil Procedure 56(c)(4) provides, "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on matters stated."

"[U]ltimate or conclusory facts and conclusions of law, as well as statements made on belief or 'on information and belief,' cannot be utilized on a summary judgment motion. Similarly, the mere reargument of a party's case or the denial of an opponent's allegations will be disregarded . . . ." Wright and Miller, *supra*, § 2738. Indeed, conclusory allegations and unsubstantiated assertions are not competent summary judgment evidence. *Warfield v. Byron*, 436 F.3d 551, 559 )5th Cir. 2006).

The Fifth Circuit has concluded that "an affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge "is based on a review of her employer's business records and the affiant's position with the employer renders her competent to testify on the particular issue which the affidavit

concerns." *Carson v. Perry*, 91 F.3d 138 (Table), No. 95-40551, 1996 WL 400122, *1 (5th Cir. June 6, 1996), *citing FDIC v. Selaiden Builders, Inc.*, 937 F.2d 1249, 1254-55 n.12 (5th Cir. 1992). *See also Bittinger v. Wells Fargo, N.B.,* Civ. A. No. H-10-1745, 2011 WL 5415664, *3 (S.D. Tex. Nov. 8, 2011)(quoting *Carson* for same proposition). "Personal knowledge may be demonstrated by showing that the facts stated 'reasonably' fall within the 'sphere of responsibility' of the affiant as a corporate employee." *Cutting Underwater*, 671 F.3d at 516, *quoting DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005)(citation omitted), and *Rutledge v. Liab. Ins. Indus.*, 487 F. Supp. 5, 7 (W.D. La. 1979)("An official title alone is enough to indicate the basis of personal knowledge . . . ."). An affiant does not need to state that his affidavit is based on personal knowledge as long as such knowledge can reasonably be inferred from the affiant's position. *Id.* at 530. Stating that the affidavit is based on "information and belief" only is not sufficient to meet the requirements of summary judgment evidence. *Id.* at 530 and n. 40.

Furthermore, personal knowledge does not have to be contemporaneous knowledge; Hughes and Gallagher's statements that they only learned after entering into the Agreement that HTR's main asset had been transferred without their knowledge at the time to Pacific is admissible. *Dalton v. FDIC*, 987 F.2d 1216. (5th Cir. 1002)("We recently held that an affidavit of an FDIC account

officer is not defective solely because the officer did not have personal knowledge of the loan transaction when it occurred, and only learned about the loan after the bank went into receivership. . . "[A]ppellants would have us hold [the receiver] to a standard so strict that summary judgment would be all but impossible for plaintiffs in cases such as these."), *citing and quoting RTC v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992).

A party's affidavit is often self-serving, but the Fifth Circuit does not exclude such an affidavit as incompetent for that reason by itself. *C.R. Pittman Const. Co. v. National Fire Ins. Co. of Hartford*, 453 Fed. Appx. 439, 443 (5th Cir. Oct. 24, 2011)("[A]n affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue even if the affidavit is arguably self-serving."), *citing inter alia Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003)("Provided that the evidence meets the usual requirements for evidence presented on summary judgment--including the requirements that it be based on personal knowledge and that it set forth specific facts showing that there is a genuine issue for trial--a self-serving affidavit is an acceptable method for non-moving party to present evidence of disputed material facts."), and *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 53 (1st Cir. 2000)("[A] 'party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless

competent to support or defeat summary judgment.'"). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000)("A party's self-serving and unsupported statement that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud.").

There is substantiating evidence throughout the record that Hughes was the president and sole director of HTR after its formation, even though if those positions ended is in dispute. Hughes' corporate positions justify an inference that the facts stated in his affidavit reasonably fall within the sphere of his corporate roles and that he had personal knowledge of them. The same is true of Gallagher's position as Director of Finance and subsequently Vice President of HTR. Moreover both men state in their sworn affidavits that they have "personal knowledge of each fact stated herein." Hughes attest that he is one of the custodians of records for HTR and that the exhibits attached to their response are business records maintained in the ordinary course of business. The fact that Hughes has signed most of them evidences his personal knowledge not only of the documents but facts underlying their existence. Furthermore both men state that the facts in their response to GE&F's partial summary judgment "are within [their] personal knowledge and are true and correct." In

addition, personal knowledge can be inferred because this litigation revolves around Hughes and Gallagher and their relationship to EF&G. While the Court concedes that the affidavits do contain some conclusory facts and conclusions of law, the Court is capable of disregarding those incompetent portions of the affidavits for purposes of summary judgment evidence. Hughes and Gallagher do state facts as they perceived them to be. For example, both testify as to their primary purpose of entering into the Agreement, i.e., "(1) to resolve all claims and (2) ensure that HTR's outstanding liabilities would be satisfied, in full, so that neither myself nor Tim Gallagher would have any risk of personal liability to HTR's creditors. Both Mr. Gallagher and I were acutely aware that we were HTR's only representatives in the United States and, therefore, it was of paramount importance to us that all of HTR's creditors, including the Texas Railroad Commission, the IRS, and other State of Texas taxing authorities, were paid, in full, so that we would not face any future liability." Hughes' affidavit, ¶ 5, Ex. A to #214; parallel in Gallagher's affidavit, Ex. B, ¶ 6. Moreover Hughes and Gallagher show that documents submitted by GE&F in support of its motion for partial summary judgment were incomplete and misleading and that the missing parts were material to issues in litigation by submitting their own complete copies of relevant documents.

  Accordingly for the reasons stated above, the Court

ORDERS that EF&G's motion for partial summary judgment (#213) is DENIED.  The Court further

ORDERS that EF&G's objections to the affidavits of Hughes and Gallagher  (#217) are OVERRULED.

**SIGNED** at Houston, Texas, this  19th  day of  June , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE