IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELIA TEC RESOURCES, INC., | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION H-09-1482 |
| GE&F CO., LTD., and PACIFIC LNG OPERATIONS LTD., CLARION FINANZ AG AND INTEROIL CORPORATION, | § § § § | |
| Defendants, AND | § § | |
| GE&F CO., LTD., Individually and as Assignee of Helia Tec Resources, Inc., | § § § § | |
| Third Party Plaintiff, | § § | |
| VS. | § § | |
| CARY E. HUGHES and TIMOTHY R. GALLAGHER, | § § § | |
| Third Party Defendants. | § | |

**OPINION AND ORDER STAYING CASE**

Pending before the Court in the above referenced cause are (1) Cary Hughes and Timothy Gallagher's Suggestion of Bankruptcy (#236) and first and second Notices of Stay (#238 and #240) on the grounds that the automatic stay under 11 U.S.C. § 362, resulting from the bankruptcy filing of Helia Tec Resources ("HTR"), applies to this suit currently to bar all efforts to exercise control of HTR's property or to collect or enforce any pre-petition debt or obligation, and (2) Defendant and Third-Party Plaintiff HSC

-1-

Holdings Co. f/k/a GE&F Co. Ltd.'s ("GE&F's") response in opposition (#240).

HTR filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code on October 3, 2012 in the United States Bankruptcy Court for the Southern District of Texas. *In re Helia Tec Resources, Inc.*, Case No. 13-36251. Cary Hughes and Timothy Gallagher argue that GE&F filed a motion for summary judgment (#237) on October 31, 2012 in violation of the stay. The Court notes that they also filed a motion to compel (#239) on November 22, 2013. Hughes and Gallagher emphasize that the Bankruptcy Court has not lifted the stay, has not yet assessed the claims before it, including some assets and claims at issue in or affected by this lawsuit, and is in the early stages of prosecuting the Chapter 11 proceeding.

GE&F argue that HTR's claims were dismissed from this case in September 2011. #184 and 185. They claim that all of Hughes and Gallagher's reinstated claims are nonderivative.

The automatic stay is a self-executing injunction, effective upon the filing of the bankruptcy petition. *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 354-55 (5th Cir. 2008). The automatic stay has broad application, suggesting that Congress intended that "'in the face of uncertainty or ambiguity, courts should presume protection of arguable property.'" *In re Chestnut*, 422 F.3d 298, 303 (5th Cir. 2005), *citing* 3 *Collier on Bankruptcy*

¶ 362.03 (15th ed. 2003). Moreover by giving the bankruptcy court broad discretion to lift stays and claimants a mechanism to seek relief from the stay in 11 U.S.C. §§ 362(d) and (e), Congress shows an intent to make the bankruptcy court the proper forum for addressing all legal obligations of the debtor and sufficient flexibility to address exigencies in a case-by-case basis. *Id.*

The Court agrees with Hughes and Gallagher that any possible claims are for the Bankruptcy Court to decide until the bankruptcy proceeding is resolved or until it lifts the automatic stay, a remedy which GE&F can seek at any time. Accordingly, the Court

ORDERS that this case is STAYED until the Bankruptcy Court decides otherwise. The Court further

ORDERS that the pending motions (GE&F's motion to dismiss (#235), motion for summary judgment (#237), and motion to compel (#239)) are MOOT, but may be summarily reurged after the Bankruptcy Court rules, if appropriate.

**SIGNED** at Houston, Texas, this 11th day of December, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE